IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY R. STILL,  )
        Plaintiff, )
         )
        v )   2:10-cv-1413
         )
ERIC K. SHINSEKI, Secretary, )
Department of Veterans Affairs )
        Defendant. )
         )
         )

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (Document No. 9) filed by Eric K. Shinseki, Secretary, Department of Veterans Affairs ("Defendant") and PLAINTIFF'S MOTION TO AMEND ORIGINAL COMPLAINT (Document No. 13) filed by Gary R. Still ("Plaintiff"). Defendant has filed a brief in support of his motion (Document No. 10), along with several exhibits, and has also filed a response in opposition to Plaintiff's motion to amend (Document No. 18). Plaintiff, who is proceeding pro se, has filed "Plaintiff's Brief in Answer to Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment" (Document No. 10), with several exhibits attached, as well as a brief in support of his motion to amend (Document No. 14). Plaintiff has also replied to Defendant's response in opposition to Plaintiff's motion to amend (Document No. 20). Both motions are ripe for disposition.

Documents Considered on Judicial Review

At the outset, the Court must determine the extent of its consideration of documents submitted by both parties with respect to Defendant's motion. Specifically, Defendant has

1

provided the Court with several documents pertaining to the administrative proceedings that have given rise to the instant action, including Plaintiff's initial complaint with the Department of Veterans Affairs ("VA"), the final order of the Administrative Law Judge ("ALJ") denying Plaintiff's claim, and the Equal Employment Opportunity Commission ("EEOC" or the "Agency") decision affirming the ALJ's final order. Along with his "Brief in Answer to Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment," Plaintiff has attached several of those same documents. To resolve a Fed. R. Civ. P. 12(b)(6) motion, a court may generally consider the allegations in the complaint, along with any exhibits attached to the complaint and matters of public record, including administrative decisions. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002); *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998). Furthermore, the United States Court of Appeals for the Third Circuit has made clear that "a court may consider any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document" without converting a motion to dismiss into one for summary judgment. *Pension Benefit Guar. Corp. v. White Consol. Industries*, 998 F.2d 1192, 1196 (3d Cir. 1993) (internal citations omitted).

      The parties do not dispute the authenticity of the attached documents, and indeed, they are matters of public record. The Court's reading of the complaint, therefore, "is informed by these documents and other public records of which [it] can take judicial notice." *City of Pittsburgh*, 147 F.3d at 259. Accordingly, the Court will treat Defendant's motion as a motion to dismiss pursuant to Rule 12(b) and not one for summary judgment.

Factual and Procedural Background

In essence, Plaintiff, a non-veteran, claims that the VA failed to hire him due to his disability. In December 2005, plaintiff applied for a position of maintenance worker with a facility of the VA Pittsburgh Healthcare System, which was listed in two separate vacancy announcements. Along with his applications, Plaintiff submitted certification of disability from the Commonwealth of Pennsylvania. On March 24, 2006, Plaintiff learned that he was not selected for one of the positions. Two months later, on May 26, 2006, he became aware of his non-selection for the second position for which he had applied.

On December 22, 2006, Plaintiff contacted the VA EEO office, alleging that he had not been hired due to his disability.[1] On February 16, 2007, after attempts to informally resolve the matter failed, Plaintiff submitted a formal complaint of employment discrimination to the VA in compliance with 29 C.F.R. § 1614.106.[2]

The EEOC accepted Plaintiff's complaint for investigation, and on November 20, 2008, a decision in favor of the VA was issued by the ALJ without a hearing. In reaching his decision, the ALJ determined that Plaintiff had failed to show that a non-disabled applicant was selected instead of the Plaintiff for the position in the first vacancy announcement. To the contrary, the record reflected that two ten-point disabled veterans were hired. Similarly, with regard to the second position, the ALJ concluded that Plaintiff was not considered because he was not a Delegated Examining Unit candidate, as were the seven applicants who were eventually

---

[1] A person alleging discrimination against a federal agency must typically initiate contact with an agency EEO counselor within forty-five (45) days of the alleged act of discrimination. 29 C.F.R. § 1614.105(a)(1). While Plaintiff's initial contact was not timely, the VA EEO office nonetheless accepted his informal complaint, waiving the forty-five (45) day requirement. *See* 29 C.F.R. § 1614.105(a)(2) (extending the time limit where the aggrieved person shows that: (1) he or she was not notified of the time limits and was not otherwise aware of them; (2) he or she did not and reasonably should not have known that the discriminatory matter occurred; (3) despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits).

[2] Pursuant to 29 C.F.R. § 1614.106, an aggrieved person must file a formal complaint within fifteen (15) days of receipt of the Notice of Final Interview, which Plaintiff received on February 5, 2007.

considered for the position. Subsequently, two preference-eligible veterans were selected to fill the vacancies.

Plaintiff filed a timely appeal from the ALJ's final order on January 22, 2009; however, the Agency affirmed the finding of no discrimination on July 22, 2010. The EEOC decision advised Plaintiff that if he wished to pursue his claim he must file suit in a district court within ninety (90) days of receiving notice of final Agency action. In addition, the Certificate of Mailing attached to the decision provided that the EEOC presumed that the decision was received by Plaintiff within five (5) calendar days of its mailing on July 22, 2010.

Ninety-five (95) days following the EEOC decision, on October 25, 2010, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") in this Court, with his Complaint and a supporting affidavit attached. Plaintiff was denied IFP status two (2) days later. Subsequently, a motion for reconsideration of Plaintiff's IFP application was also denied.

On December 7, 2010 – nearly five (5) months after Plaintiff is presumed to have received notice of the EEOC decision on July 27, 2010 – he paid the requisite filing fee of $350, and the Complaint was officially filed and docketed by the clerk of this Court. In the Complaint, Plaintiff alleges that on two separate occasions, March 24, 2006 and December 22, 2006, he was denied employment because of his disability, in violation of Section 501 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. § 791 *et. seq.* Defendant has moved to dismiss for lack of subject matter jurisdiction and failure to state a claim, and, alternatively, for summary judgment, averring that the filing of the complaint was untimely because it was not submitted within ninety (90) days of receipt of notice of the EEOC decision. Further, Defendant contends that Plaintiff's unsuccessful IFP motion, which was submitted on the final day of the 90-day period for the filing of a civil complaint, does not otherwise render Plaintiff's complaint timely.

4

On June 2, 2011, Plaintiff sought leave to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2). In a document entitled "brief" filed in support of his motion, which was actually in the form of a complaint, Plaintiff alleged that in addition to the two purported instances of discrimination in 2006, he was also denied employment by the VA in April 2008 in retaliation for having filed his original EEOC complaint. Defendant submitted a response in opposition to Plaintiff's motion, arguing that leave to amend the Complaint should be denied as futile.

Legal Analysis

Defendant contends that plaintiff's Complaint is time-barred because it was not filed within ninety (90) days of receipt of notice of final action by the EEOC as mandated by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Further, Defendant argues that there is no equitable basis to deem the Complaint timely, and thus it is subject to dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff, in response, argues that the Complaint was filed within the requisite time period, on the basis of either the doctrine of constructive filing or equitable tolling. In addition, Plaintiff seeks leave to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

As a preliminary matter, the Court notes that because the 90-day rule is not a jurisdictional requirement, the Complaint will not be dismissed for lack of subject matter jurisdiction. *See Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 176 (3d Cir. 1999) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982) ("[t]his requirement has been treated by the courts as a statute of limitations rather than a jurisdictional prerequisite to suit"); *Hart v. J.T. Baker Chemical Co.*, 598 F.2d 829, 831 (3d Cir. 1979) (internal citations omitted). The Court will, however, address in turn Defendant's Rule 12(b)(6) motion as well as Plaintiff's motion for leave to amend.

A. Failure to State a Valid Claim

Defendant argues that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[3] A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007), the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

A district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. First, the Court must separate the factual and legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id*. at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id*. at 211 (citing *Iqbal,* 129 S. Ct. at 1949). The determination of "plausibility" will be "'a context-specific task that requires the

---

[3] With respect to Defendant's contention that the Complaint is time-barred, the Third Circuit has recognized that "[a]lthough a complaint is not formally filed until the filing fee is paid," it is deemed "constructively filed as of the date that the clerk received the complaint – *as long as the plaintiff ultimately pays the filing fee* or the district court grants the plaintiff's request to proceed *in forma pauperis*." *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996) (emphasis added). In other words, once the IFP motion is granted or the filing fee is paid, "the filing fee will relate back to the date on which the clerk received plaintiff's papers." *Id.* Because Plaintiff ultimately paid the requisite filing fee – albeit more than a month after the 90-day period expired – the Court finds that the filing date relates back to October 25, 2010, the date on which Plaintiff's documents were initially submitted to the Court. Thus, the Complaint will not be dismissed as time-barred, but the Court will address other grounds for dismissal pursuant to Rule 12(b)(6).

reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal,* 129 S. Ct. at 1950).

In order to establish a *prima facie* case of disability discrimination under the Rehabilitation Act, a plaintiff must demonstrate that: (1) he is disabled; (2) he is otherwise qualified for the job desired; (3) he suffered an adverse employment action; and (4) a non-disabled applicant was selected for the position, giving rise to an inference of discrimination. *See Wishkin v. Potter,* 476 F.3d 180, 184-85 (3d Cir. 2007) ("[t]he Rehabilitation Act expressly makes the standards set forth in the 1990 Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, applicable to federal employers and to employers receiving federal funding"). It is clear that Plaintiff has failed to make the necessary showing, as he not pleaded two of the elements of the *prima facie* case in his Complaint. While Plaintiff alleges generally that he was twice denied employment by the VA due to his disability, he does not specify what his disability is. Nor does state his qualifications for either of the positions for which he applied. In addition, he does not point to any circumstances surrounding his non-selection, such as the hiring of a non-disabled applicant, which could raise an inference of discrimination. To the contrary, it appears that the VA hired disabled veterans for the subject positions. Accordingly, the Complaint of record, fails to state a claim for which relief can be granted, and Defendant's Rule 12(b)(6) motion will be **GRANTED**.

B.  Leave to Amend

Plaintiff seeks leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2). If a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Accord Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir.

2002). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

For his part, Defendant contends that the motion should be denied as futile because Plaintiff's proposed Amended Complaint fails to cure the timeliness issue. Because the Court has concluded that the Complaint was timely filed under the Third Circuit's holding in *McDowell*, 88 F.3d at 191, it needs not address this argument. Defendant has not raised any other arguments which would preclude the Court from granting leave to amend. Accordingly, Plaintiff's motion will be granted, subject to the following explanation.

   1. Failure to Hire Claims

The Court notes that on its face Plaintiff's Proposed Amended Complaint does not cure the deficiencies of the Original Complaint. Specifically, in order to survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead facts related to each of the elements of a prima facie case of employment discrimination, which the Court set forth above. *See Fowler,* 578 F.3d at 213 ("a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element(s)") (internal citations and quotation marks omitted). In addition to adding the retaliation charge and stating the Plaintiff was a "qualified applicant," the Amended Complaint merely reiterates the facts and allegations in the Original Complaint without pleading any additional facts related to, for example, the circumstances surrounding the hiring process which could plausibly support an inference that the hiring process was discriminatory. It appears that the positions for which Plaintiff applied were eventually filled by applicants who were disabled veterans. If so, it will be extremely difficult for Plaintiff to point to facts sufficient to raise the necessary inference of discrimination. Nonetheless, Plaintiff should be granted an opportunity to raise such facts, if he is able to do so.

2. Retaliation Claim

The Court now turns to whether Plaintiff should be permitted to raise the retaliation charge in his Amended Complaint, which was never presented to or investigated by the EEOC, Defendant correctly points out that before bringing suit for judicial relief a plaintiff must exhaust administrative remedies by first filing a charge with the EEOC. *Webb v. City of Philadelphia*, 562 F.3d 256, 262 (3d Cir. 2009) (citing *Hicks v. ABT Assoc. Inc.*, 572 F.2d 960, 963 (3d Cir. 1978); *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976)). However, although a complainant may not "bypass the administrative process," the Third Circuit has instructed that "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the commission." *Ostapowicz*, 541 F.2d at 398-99 (internal citations omitted). Accordingly, "a district court may assume jurisdiction over additional charges if they are reasonably within the scope of the complainant's original charges and if a reasonable investigation by the EEOC would have encompassed the new claims," even if the actual EEOC investigation fails to reveal any evidence related to the additional charge. *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984).

The Third Circuit has declined to adopt a per se rule as to whether a plaintiff asserting a claim for retaliation based on filing a prior EEOC charge may raise the retaliation claim in federal court without exhausting administrative remedies. *See Waiters*, 729 F.2d at 237 n. 10 (noting that, to the contrary, "[t]he Fifth Circuit has held that all claims of 'retaliation' against a discrimination victim based on the filing of an EEOC complaint are 'ancillary' to the original complaint, and that therefore no further EEOC complaint need be filed" (citing *Gupta v. East Texas State University*, 654 F.2d 411, 413-14 (5th Cir. 1981)). Nonetheless, in *Waiters*, the

9

Court of Appeals concluded that "the policy of promoting conciliation would not be furthered by allowing the defendants to delay having to answer in court for retaliatory action allegedly taken against appellant for asserting her rights." *Id.* at 238 (citing *Weise v. Syracuse University*, 522 F.2d 397, 399 (2d Cir. 1975)). Thus, it held that the plaintiff's retaliation claim was "not barred by the requirement that a complainant exhaust administrative remedies before commencing legal action" and reversed the district court's dismissal of the case. *Id.*

The Court finds the rationale of the Third Circuit, along with that of the various other courts of appeals, applicable to the facts of this case. Therefore, the Court concludes Plaintiff will be granted the opportunity to plead a retaliation claim in his Amended Complaint. Plaintiff correctly filed his Rehabilitation Act charge with the EEOC. He alleges in the Proposed Amended Complaint, albeit broadly, that the VA subsequently retaliated against him for taking this action by not hiring him for another position while his initial complaint was pending before the EEOC. Such an allegation can reasonably be expected to grow out of the original disability discrimination charges in Plaintiff's EEOC complaint. Indeed, as the Fifth Circuit has explained, "[i]t is the nature of retaliation claims that they arise after the filing of the EEOC charge." *Gupta*, 654 F.2d at 414. "Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case [–] a double filing that would serve no purpose except to create additional procedural technicalities." *Id.*

The Court notes, however, that Plaintiff's proposed Amended Complaint, as it stands, does not plead facts sufficient to support a charge of retaliatory conduct. "[I]n order to establish a *prima facie* case of illegal retaliation under the anti-discrimination statutes, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employee's adverse action." *Fogleman v. Mercy*

*Hosp., Inc.*, 283 F.3d 561, 567-68 (3d Cir. 2002) (quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997)). The "protected activity" must be objectively reasonable. *Moore v. City of Phila.*, 461 F.3d 331, 341 (3d Cir. 2006). Complaints about an incident that does not reasonably constitute discrimination (*e.g.* if the VA hired a disabled veteran rather than Plaintiff) do no constitute protected activity. *See Theriault v. Dollar General*, 336 Fed. Appx. 172, 174 (3d Cir. 2009) (internal citations omitted). Plaintiff provides only the legal conclusion that he was not hired "because of [r]etaliation" for filing a prior EEOC complaint. Beyond that, he does not set forth any facts that make his underlying complaint reasonable or that create the necessary causal connection between his alleged protected activity (the filing of the EEOC complaint) and the alleged adverse action (denial of employment) of the VA. Because the proposed Amended Complaint does not provide enough facts to raise the claim beyond the speculative-level standard established in *Twombly* and *Iqbal*, it would not withstand a motion pursuant to Rule 12(b)(6) for failure to state a claim for which relief could be granted.

In sum, Plaintiff's motion for leave to amend the Complaint will be granted. However, in amending his Complaint to cure the deficiencies in the Original Complaint and add an additional charge, Plaintiff must be mindful of the elements of the claims alleged, and provide a sufficient factual basis from which the Court may reasonably infer that Defendant is liable for the alleged discriminatory conduct. *See Iqbal*, 129 S.Ct. at 1949.

In accordance with the foregoing, both DEFENDANT ERIC K. SHINSEKI'S MOTION TO DISMISS and PLAINTIFF GARY R. STILL'S MOTION FOR LEAVE TO AMEND COMPLAINT will be **GRANTED.**

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY R. STILL, | ) |
|     Plaintiff, | ) |
| | ) |
| v | )   2:10-cv-1413 |
| | ) |
| ERIC K. SHINSEKI, Secretary, | ) |
| Department of Veterans Affairs, | ) |
|     Defendant. | ) |

## ORDER OF COURT

AND NOW, this 6th day of July, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANT ERIC K. SHINSEKI'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Document No. 9) is **GRANTED** and PLAINTIFF GARY R. STILL'S MOTION FOR LEAVE TO AMEND COMPLAINT (Document No. 13) is **GRANTED**. If Plaintiff chooses to file an Amended Complaint, he shall do so on or before July 22, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:    **Gary R. Still**
      1832 Willow St.
      McKeesport, PA 15132
      (Via Certified Mail with Return Receipt and Regular U.S. Mail, postage prepaid)

      **Albert W. Schollaert, Esquire**
      Assistant United States Attorney
      Email: albert.schollaert@usdoj.gov
      (Via CM/ECF)