# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY R. STILL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | 2:10-cv-1413 |
| | ) | |
| ERIC K. SHINSEKI, Secretary, | ) | |
| Department of Veterans Affairs | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S AMENDED COMPLAINT (Document No. 25) filed by Eric K. Shinseki, Secretary, Department of Veterans Affairs ("Defendant" or the "VA"). The VA has filed a brief in support of its motion (Document No. 26). Plaintiff, who is proceeding pro se, has filed a response in opposition to Defendant's motion (Document No. 28). Accordingly, the motion is ripe for disposition.

### Factual and Procedural Background

The factual background of this case is fully set forth in the July 6, 2011 Memorandum Opinion of this Court. In sum, Plaintiff, a non-veteran, claims that he was not selected for a position at a facility of the VA Pittsburgh Healthcare System, for which he had applied through three separate online postings, on the basis of his disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. 794 (the "RA").

This Court dismissed Plaintiff's Original Complaint by Memorandum Opinion and Order of July 6, 2011, but gave him an opportunity to file an Amended Complaint if he was able to

1

state a plausible claim for relief.[1]  In addition, the Court afforded Plaintiff the opportunity to assert a claim for retaliation even though it was never presented to the EEOC.[2]

On July 25, 2011, Plaintiff filed his Amended Complaint, which again alleges that the VA failed to hire him in March and May 2006 because of his heart disease.  Amend. Compl. at ¶¶ 6, 7.  According to the Amended Complaint, two preference-eligible, disabled veterans who already worked for the VA were selected instead of Plaintiff, in accordance with VA policy.  Amend. Compl. at ¶ 6.  In addition, Plaintiff avers that he was not hired a third time in April 2008, as a result of "disability discrimination and disability discrimination based on retaliation" for the filing of his complaint with the EEOC.  Amend. Compl. at ¶ 8.

On August 18, 2011, Defendant filed the instant motion, arguing that the Amended Complaint should be dismissed because it again fails to plead facts sufficient to establish a *prima facie* case of employment discrimination.[3]  In addition, the VA contends that Plaintiff's retaliation claim is subject to dismissal for failure to exhaust administrative remedies.

---

[1] At the time, the Court pointed out several weaknesses in Plaintiff's Proposed Amended Complaint, cautioning that "it will be extremely difficult for Plaintiff to point to facts sufficient to raise the necessary inference of discrimination" because the openings for which he had applied were eventually filled by disabled individuals. *Still v. Shinseki*, 2011 WL 2650180, at * 4 (W.D. Pa. July 6, 2011).

[2] The Court noted that although a plaintiff must typically exhaust his administrative remedies before filing suit in a district court, "a district court may assume jurisdiction over additional charges if they are reasonably within the scope of the complainant's original charges and if a reasonable investigation by the EEOC would have encompassed the new claims, even if the actual EEOC investigation fails to reveal any evidence related to the additional charge." *Still v. Shinseki*, 2011 WL 2650180, at * 5 (citing *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984) (internal quotation marks omitted).  Thus, the Court allowed Plaintiff to include the never before raised allegations in his Amended Complaint because a retaliation charge, if properly pleaded, could reasonably be expected to be encompassed by the EEOC's investigation.  *Id.*  The Court explained, however, that Plaintiff's retaliation claim, as pleaded in the Proposed Amended Complaint, was baseless and most likely incapable of withstanding a Rule 12(b)(6) motion to dismiss.  *Id.*

[3] For the same reasons outlined in the Memorandum Opinion of July 6, 2011, the Court will treat Defendant's motion as a motion to dismiss pursuant to Rule 12(b)(6) and not one for summary judgment.  *See Still v. Shinseki*, WL 2650180, at * 1.

Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007), the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

A district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. First, the Court must separate the factual and legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id.* at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* at 211 (citing *Iqbal,* 129 S. Ct. at 1949). The determination of "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal,* 129 S. Ct. at 1950).

Legal Analysis

Defendant contends that Plaintiff's Amended Complaint should be dismissed for failure to state a *prima facie* case of disability discrimination as to either the March or May 2006 non-

3

selection. In addition, the VA argues that Plaintiff is barred from pursuing the additional claims of retaliation and disability discrimination because he failed to first raise those claims with the EEOC. The Court will address each of these contentions seriatim.

    A. Discrimination Claims Stemming from March and May 2006

The Court agrees that Plaintiff's Amended Complaint fails to cure the deficiencies of his Original Complaint. In granting the VA's initial motion to dismiss, the Court set forth the elements of a *prima facie* case of employment discrimination and explained to Plaintiff that he had to "provide a sufficient factual basis from which the Court may reasonably infer that Defendant is liable for the alleged discriminatory conduct." *Still v. Shinseki*, 2011 WL 2650180, at * 6.[4] Plaintiff has again failed to make such a showing.

Even if Plaintiff's heart disease constitutes a disability for purposes of the RA and assuming that Plaintiff was qualified for the maintenance worker position for which he had applied, there are still no facts in the Amended Complaint from which the Court could infer that Plaintiff's non-selection was the result of disability discrimination. *See Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 (3d Cir. 2003) (explaining that adverse employment action must occur "under circumstances that raise an inference of discriminatory action"); *Weirich v. Horst Realty Co., LLC*, 2009 WL 838532, at * 8 (E.D. Pa. March 26, 2009) (explaining that an inference of discrimination arises, for example, when a "non-member of the protected class was treated more favorably" than the plaintiff).

In fact, the Amended Complaint effectively rebuts any possible inference of disability discrimination by stating that the VA eventually filled the vacancies with two disabled veterans who already worked for the VA. Amend. Compl. at ¶ 6. As the Plaintiff concedes, "it is VA

---

[4] In order to establish a *prima facie* case of disability discrimination under the RA, a plaintiff must demonstrate that: (1) he is disabled; (2) he is otherwise qualified for the job desired; (3) he suffered an adverse employment action; and (4) a non-disabled applicant was selected for the position, giving rise to an inference of discrimination. *See Wishkin v. Potter*, 476 F.3d 180, 184-85 (3d Cir. 2007).

4

policy to provide maximum opportunities for career advancement of VA employees and optimum utilization of their skills." Amend. Compl. at ¶ 6 (citing VA HRM Manual MP-5). Thus, the essence of Plaintiff's complaint is not that he was discriminated against because of any disability. Rather, he is disgruntled at the VA's preference for hiring disabled *veterans* and federal applicants. Plaintiff says as much himself by baldly claiming that his second application was "deliberately held back" by the VA's Human Resource Program Manager "based on the policy of the VA [which prefers federal applicants]." Amend. Compl. at ¶ 7.

Although Plaintiff raises two additional theories of recovery, which were not discussed in his Original Complaint, neither is enough to salvage his claims. First, he alleges that he was deprived of his Fourteenth Amendment Due Process Rights because the VA decided not to select him without offering him an interview. However, Plaintiff cannot premise his claims on the Fourteenth Amendment because "the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Services Admin.*, 425 U.S. 820, 835 (1976).

Second, Plaintiff avers that the VA failed to engage in an interactive process to determine whether he needed reasonable accommodations for his disability. Amend. Compl. at ¶ 6. In order to establish a *prima facie* reasonable-accommodation claim, Plaintiff must show that: "(1) he had a disability; (2) the employer had notice of this disability; (3) he can perform the essential functions of his position with a reasonable accommodation; and (4) the employer failed to provide a reasonable accommodation." *Johnson v. McGraw-Hill Co.*, 451 F. Supp. 2d 681, 701 (W.D. Pa. 2006) (internal citations omitted). In the context of the job application process, the EEOC regulations define "reasonable accommodation" as "[m]odifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such applicant desires." 29 C.F.R. § 1630.2(o)(1). Furthermore, although neither the

5

RA or Americans with Disabilities Act ("ADA") expressly refers to an "interactive process," the "applicable regulations provide that in order '[t]o determine the appropriate reasonable accommodation it may be necessary for the [employer] to initiate an informal, interactive process with the [employee] in need of accommodation. This process should identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome those limitations.' 29 C.F.R. § 1630.2(o)(3)."[5] *Conneen v. MBNA America Bank, N.A.*, 334 F.3d 318, 329 (3d Cir. 2003) (brackets in original). The United States Court of Appeals for the Third Circuit has instructed that an employer's duty to engage in an interactive process is triggered only when an applicant provides the employer with "sufficient notice to inform the employer that [he] is requesting an accommodation." *Id.* at 330.

Plaintiff has not alleged that he ever made such a request. Nor has he alleged that the VA's hiring process prohibited qualified disabled applicants from being considered for employment. Quite the opposite was true because the VA apparently favored qualified disabled applicants, particularly veterans and those who already worked for the agency. Thus, Plaintiff has simply not pleaded any facts that would make his reasonable-accommodation claim plausible. To the contrary, the Amended Complaint concedes that disabled veterans were hired for the positions.

Accordingly, Plaintiff's claims pertaining to his non-selection for the positions for which he applied in March 2006 and May 2006 will be **DISMISSED WITH PREJUDICE**.

B. Discrimination and Retaliation Claims Stemming from April 2008

Defendant also seeks the dismissal of Plaintiff's retaliation and discrimination charges arising from the VA's decision not to hire him in April 2008. According to the Defendant, this

---

[5] The United States Court of Appeals for the Third Circuit has explained that the RA "incorporate[s] the standards of several sections of the ADA, including the section defining 'reasonable accommodation.'" *Mengine v. Runyon*, 114 F.3d 415, 420 (3d Cir. 1997). Therefore, the same analysis is applicable to claims brought under either statute.

non-selection was a discrete act of discrimination that was not administratively exhausted and thus Plaintiff is barred from pursuing it.

Assuming, *arguendo*, that the Court has jurisdiction over Plaintiff's retaliation claim, the claim nonetheless fails on its merits.[6] "[I]n order to establish a *prima facie* case of illegal retaliation under the anti-discrimination statutes, a plaintiff must show: (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employee's adverse action." *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567–68 (3d Cir. 2002) (quoting *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997)). In pleading his retaliation claim, Plaintiff merely restates the allegations set forth elsewhere in the Amended Complaint and concludes "[t]his is clearly a disability discrimination and retaliatory discrimination because the Plaintiff also filed 2 claims of disability discrimination against the [VA] with the [EEOC] on February 16, 2007." Amend. Compl. at ¶ 8. There are no facts from which the Court could infer the requisite causal connection. It is abundantly clear – as Plaintiff admits – that the VA hired disabled veterans for the position. As a civilian, Plaintiff simply was not as favorable a candidate under the VA policy. Therefore, the discrimination and retaliation claims related to Plaintiff's April 2008 application with the VA will be **DISMISSED WITH PREJUDICE.**

In accordance with the foregoing, DEFENDANT'S MOTION TO DISMISS OR IN THE

---

[6] The VA contends that the Supreme Court, in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) altered our appellate court's well-established rule that certain claims may be raised before a district court even if they were not administratively exhausted. *See Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976) (explaining that claims "which can reasonably expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of proceedings before the commission" need not be administratively exhausted). The Court notes, however, that the United States Court of Appeals for the Third Circuit recently reiterated "that a complainant need not file a new EEO complaint as to 'new acts that occur during the pendency of the case which are fairly within the scope of an [EEO] complaint or the investigation growing out of that complaint.'" *Green v. Postmaster General of U.S.*, 2011 WL 2781870, at * 2 (3d Cir. July 18, 2011) (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)).

ALTERNATIVE FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S AMENDED COMPLAINT will be **GRANTED.**

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY R. STILL,<br>           Plaintiff, | )<br>)<br>) |
| v | )   2:10-cv-1413<br>) |
| ERIC K. SHINSEKI, Secretary,<br>Department of Veterans Affairs,<br>           Defendant. | )<br>)<br>) |

## ORDER OF COURT

AND NOW, this 21st day of October, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S AMENDED COMPLAINT (Document No. 25) is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**. The clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:     **Gary R. Still**
1832 Willow St.
McKeesport, PA 15132
(Via Certified Mail with Return Receipt and Regular U.S. Mail, postage prepaid)

**Albert W. Schollaert, Esquire**
Assistant United States Attorney
Email: albert.schollaert@usdoj.gov
(Via CM/ECF)